# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-583V
Filed: May 27, 2015

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| MICHELE POND BYARS and DAVID BRIAN BYARS, as parents and next friends, on behalf of N.M.M.B, a minor, | |
| Petitioners, | Special Master Hamilton-Fieldman |
| v. | Petitioners' Motion for Dismissal Decision; Hepatitis B ("Hep B") Vaccine; Varicella Vaccine; Hepatitis A ("Hep A") Vaccine; Influenza ("Flu") Vaccine; Seizures. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

M. Clay Ragsdale, Ragsdale LLC, Birmingham, Alabama, for Petitioners.
Lara Englund, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On July 10, 2014, Michele Pond Byars and David Brian Byars ("Petitioners") filed a petition for compensation on behalf of their son, N.M.M.B., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioners alleged that the administration of a Hepatitis B ("Hep B") vaccine on July 11, 2011, and of Varicella, Hepatitis A ("Hep A"), and Influenza ("flu") vaccines on November 1, 2011, caused N.M.M.B. to suffer from seizures. The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On May 26, 2015, Petitioners filed a Motion for a Decision Dismissing their Petition. According to the motion, "[a]n investigation of the facts and science supporting the case has demonstrated to Petitioners that they will be unable to prove that N.M.M.B. is entitled to

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

compensation in the Vaccine Program." Petitioners further state that they understand that a dismissal decision will result in a judgment against them, and that such a judgment will end all of their rights in the Vaccine Program.

To receive compensation under the Vaccine Act, Petitioners must prove either 1) that N.M.M.B. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that N.M.M.B. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that his injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioners, however, have offered no such opinion.

Therefore, the only alternative remains to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

2