# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 14-583V

**Filed: August 3, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * * * | UNPUBLISHED |
| MICHELE POND BYARS and DAVID * | |
| BRIAN BYARS, as parents and next friends, * | |
| on behalf of N.M.M.B., a minor, * | |
| * | Special Master Hamilton-Fieldman |
| Petitioners, * | |
| * | Attorneys' Fees and Costs; |
| v. * | Reasonable Amount Requested to |
| * | which Respondent Does Not Object. |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * | |

M. Clay Ragsdale, Ragsdale LLC, Birmingham, Alabama, for Petitioners.
Lara Englund, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On July 10, 2014, Michele Pond Byars and David Brian Byars ("Petitioners") filed a petition for compensation on behalf of their son, N.M.M.B., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioners alleged that the administration of a Hepatitis B ("Hep B") vaccine on July 11, 2011, and of Varicella, Hepatitis A ("Hep A"), and Influenza ("flu") vaccines on November 1, 2011, caused N.M.M.B. to suffer from seizures. On May 27, 2015, the undersigned issued a decision dismissing the petition.

On August 2, 2015, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs. Pursuant to their Stipulation, the parties have agreed to an award of $15,702.94 in

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

attorneys' fees and costs.  In accordance with General Order Number 9, Petitioners represent that they have not incurred any out-of-pocket litigation costs in pursuit of her claim.

The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1).  Further, the proposed amount seems reasonable and appropriate.  **Accordingly, the undersigned hereby awards the amount of $15,702.94, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, M. Clay Ragsdale, of the law firm of Ragsdale LLC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[2]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.